UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SONYA HALL | * | CIVIL ACTION NO. 22-1823 |
| | * | |
| VERSUS | * | SECTION: "A"(5) |
| | * | |
| FRATERNAL ORDER OF POLICE ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE MICHAEL NORTH |
| | * | |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 35)** filed by Defendant, Federal Insurance Company ("Federal"). Plaintiff, Sonya Hall, did not file an opposition to the motion. The motion, submitted for consideration on September 27, 2023, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED IN PART AND DENIED IN PART**.

I.   **Background**

Sonya Hall brings this suit on behalf of herself and the estate of her deceased husband, Mark Hall, a former New Orleans police officer who suffered an accidental death in the line of duty.[1] (Petition for Damages, Rec. Doc. 1-2, ¶¶ 2, 4-5). Hall initially identified the Fraternal Order of Police; Crescent City Lodge No. 2; and Reliance Standard Insurance Company ("Reliance") as defendants, alleging that they breached their insurance contract by failing to tender the policy proceeds and/or benefits following Hall's passing. (*Id.* ¶¶ 1, 12-15). She requests damages for emotional distress; unjust enrichment; extensive financial losses and hardship; and other costs. (*Id.* ¶ 16). Subsequently, Reliance removed the case to this Court,

---

[1] Mr. Hall contracted COVID-19 during and as a result of his work with the New Orleans Police Department, and subsequently passed away from complications with the illness. (Rec. Doc. 1-2, ¶¶ 4-5). The Board of Trustees of the Municipal Police Employees' Retirement System classified his death as "killed in the line of duty." (*Id.* ¶ 6).

1

asserting that Hall's claim is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") and that, on that basis, there is federal question jurisdiction.[2] (Notice of Removal, Rec. Doc. 1, ¶¶ 3-4). Hall did not move to remand. Instead, she amended her complaint to add Federal as a defendant. (Rec. Doc. 27). Federal then filed the instant motion to dismiss, claiming that ERISA governs the plan at issue and therefore completely preempts the breach of contract claim set forth in the petition. Federal further claims that Hall failed to properly allege a cause of action under ERISA or to completely exhaust administrative remedies prior to filing this suit.

## II.  Legal Standard

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues &*

---

[2] Crescent City Lodge No. 2 consented to the removal, but Fraternal Order of Police did not. (Notice of Removal, Rec. Doc. 1, ¶¶ 6-7). However, Reliance has asserted that the Fraternal Order of Police is an improper party, and therefore need not consent to removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

*Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

**III. Discussion**

*ERISA's Applicability*

Federal moves to dismiss under Rule 12(b)(6) on the basis that ERISA governs the policy at issue and, therefore, completely preempts Hall's state law claim. Federal further moves for dismissal on the grounds that Hall has failed to state a claim under ERISA or to exhaust her administrative remedies. As a preliminary matter, in each of the Notice of Removal and the Motion to Dismiss, the defendants in this matter (excluding Fraternal Order of Police, which did not consent to removal) have asserted that ERISA governs the policy.[3] However, Hall has not expressly admitted to ERISA's governance of the policy at issue. More importantly, ERISA is the sole basis for federal jurisdiction in this litigation. Therefore, because the alleged basis of subject-matter jurisdiction depends upon whether the policy is governed by ERISA, the Court must first ensure that ERISA properly applies before disposing of this motion.

The Fifth Circuit utilizes a three-part test to determine whether ERISA applies to a given policy. Under this test, a plan qualifies as an "employee welfare benefit plan" and therefore is subject to ERISA where the plan (1) exists; (2) "falls within the safe-harbor provision established

---

[3] Federal claims that "[t]here is no dispute the Plan is governed by [ERISA]." (Rec. Doc. 35-1, at 1).

by the Department of Labor"; and (3) meets the elements of an employee benefit plan under ERISA, meaning that the plan is established or maintained by an employer intending to benefit employees. *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993); *see also House v. American United Life Ins. Co.*, 49 F.3d 443, 448 (5th Cir. 2007). Under this test, if all three elements are met, the plan is governed by ERISA. *Meredith*, 980 F.2d at 355.

Under the first element, for a plan to exist, a reasonable person must be able to ascertain from the surrounding circumstances "the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Id.* (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (9th Cir. 1982)). Here, the parties have effectively conceded the existence of the employee welfare benefit plan. Hall has alleged breach of contract on the basis that she has not received life insurance benefits under the plan, and Federal has acknowledged the plan's existence, merely claiming that it is governed by ERISA. Where there is no dispute as to the existence of a policy or plan, the court may deem this element satisfied. *See House*, 499 F.3d at 449.

The second element requires that the policy not fall within the Department of Labor's exclusion provision. *Id.* The safe harbor provision blocks a policy from ERISA governance where all four of the following are met: (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting and remitting premiums; and (4) the employer receives no profits. 29 C.F.R. § 2510.3-1(j). Because it fails the first element, this policy does not qualify under the safe harbor provision. The policy, termed a "Special Risk Insurance Program," is issued by Federal for the policyholder, Crescent City Lodge No. 2, Mr. Hall's former employer. This insurance policy operates through the employer. By the explicit terms of the policy, the policyholder is to pay a premium to the insurance company. Barring any showing that Crescent City Lodge No. 2 is merely exercising a collection and remittance role, the policy fails under

4

section (1). Therefore, the policy does not fall within the Department of Labor's safe harbor provision.

The final requirement analyzes whether the plan meets ERISA's definition of an "employee benefit plan." For the policy to meet this requirement, the employer must establish or maintain the policy with the intent to benefit employees. *Meredith*, 980 F.2d at 355; *see* 29 U.S.C. § 1002(1). The policy at issue satisfies this requirement. This policy is an insurance plan, maintained by Crescent City Lodge No. 2, that provides benefits for employees in the event of a variety of accidents, including death, dismemberment, and other events that are covered under the ERISA framework. Therefore, the policy falls within the purview of the third element.

Because the policy qualifies under the framework set forth in *Meredith* and its progeny, this Court possesses subject-matter jurisdiction and may move forward with the remainder of the inquiry.[4]

*Complete Preemption and Failure to State a Claim*

Having found that subject-matter jurisdiction exists, for Federal's claim to succeed, the state law claim must also be completely preempted under the statute's provisions. "Section 502 [29 U.S.C. § 1132(a)], by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). However, "run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" are not necessarily preempted based solely upon their connection to ERISA. *Mackey*

---

[4] Although the cause of action at issue is a state law claim and the Court lacks diversity of citizenship jurisdiction, "ERISA's preemptive and civil enforcement provisions operate to 'recharacterize' such claims into actions arising under federal law." *Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir. 1989); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). ERISA's preemptive power allows the state law claims to be considered a federal claim under ERISA in these circumstances. *See Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 269 (5th Cir. 2004).

*v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 833 (1988). The state law cause of action must fall within ERISA's civil enforcement provisions to qualify as completely preempted. ERISA provides for a civil action "to recover benefits due to [a participant or beneficiary] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 11 U.S.C. § 1132(a)(1)(B). The Supreme Court has noted that "if an individual, at some point in time, could have brought his claim under [this provision], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004).

Federal asserts that Hall's cause of action falls within ERISA's complete preemption under 29 U.S.C. § 1132(a). Although Hall makes no argument to the contrary, the Court must ensure that the claim does, in fact, fall within those sweeping parameters. The Fifth Circuit has previously held that state law breach of contract claims that seek recovery of benefits are completely preempted by ERISA under this provision. *Ellis*, 394 F.3d at 275 n.34; *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (en banc). Hall's sole claim in her petition for damages arises out of Federal's alleged bad faith breach of contract by failure to pay proceeds following her husband's death. Such a claim clearly falls within the parameters of section 1132(a)(1)(B), and within the standards set forth in *Davila* and *Ellis*. Therefore, the state law claim set forth by Hall is completely preempted by ERISA.

Federal further argues that the case should be dismissed under Rule 12(b)(6) because Hall fails to properly allege any claims under ERISA. However, the fact that ERISA preempts Hall's breach of contract claim does not mean that she is without the ability to amend her complaint to properly assert claims under ERISA. Federal district courts "should freely give leave when justice

so requires." Fed. R. Civ. P. 15. In *Ellis*, the Fifth Circuit noted that, where the defendant removed the suit on the basis of ERISA preemption, and where the state law claims are in fact completely preempted, the district court may grant leave to amend to incorporate an ERISA claim. *Ellis*, 394 F.3d at 269.

As *Ellis* makes clear, the unique circumstances under which a federal court accepts state claims that are potentially preempted by ERISA must allow for amendment to the complaint to incorporate ERISA claims, should preemption be found. Such leave to amend does not prejudice the defendant, as Federal has acknowledged the presence of a plan and that ERISA governs the plan. Therefore, although Hall's state law claim is completely preempted by ERISA, she may still amend her complaint to properly allege a cause of action under ERISA.

For the reasons described above, the motion to dismiss is GRANTED as to the preemption of Hall's state law claim and DENIED as to the failure to state a claim under ERISA. Hall shall move to amend her complaint within fifteen days of entry of this Order to plead a cause of action under ERISA.

*Failure to Address Administrative Exhaustion*

Finally, Federal asserts that Hall failed to properly allege that she has exhausted her administrative remedies as required under ERISA and, on that basis, the action should be dismissed under Rule 12(b)(6). "[A] plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongly denied." *Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950 (5th Cir. 1995). That is, "plaintiffs seeking ERISA plan benefits are bound by the plan's administrative procedures and must use them before filing suit even if they have no notice of what those procedures are." *Bourgeois v. Pension Plan for Employees of Santa Fe International Corporations*, 215 F.3d 475, 480 (5th Cir. 2000). Therefore, a plaintiff, to recover under ERISA,

7

must show that they exhausted their administrative remedies, unless such exhaustion would be futile or denied meaningful access to the review process. *See McGowin v. Manpower International, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004). To successfully claim futility, the plaintiff must show hostility or bias on the part of the administrative review committee. *Id*.

Here, Federal asserts that it "has not received any claim for benefits, nor has it issued any denial to any claim on or behalf of Plaintiff for such benefits." (Rec. Doc. 35-1, at 7) (emphasis omitted). In support of its motion to dismiss, it points the Court to case law supporting the requirement that the plan fiduciaries process claims in advance of litigation in federal court. This requirement is endorsed by a variety of public policies, including accountability for ERISA trustees; provision of a clear record of administrative action; and assurance that judicial review is conducted under the arbitrary and capricious standard. *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1279 (5th Cir. 1990). The authority is overwhelming that administrative remedies must be exhausted.

However, Hall did not initially bring this suit under ERISA. As described above, she brought suit under a state law breach of contract claim, and the case was removed under federal question jurisdiction by the defendants, all of which asserted that ERISA governed the case. At the time of removal, although Hall did argue that ERISA did not govern her claim, there remained a question as to whether her lawsuit was completely preempted. Because this Order finds that ERISA completely preempts her state law claim, and because Hall has been granted leave to amend her complaint to properly plead a cause of action under ERISA, Hall must also receive leave to amend her complaint to incorporate any facts alleging that she has exhausted her administrative remedies. Indeed, such amendment is necessary to successfully assert a cause of action under ERISA, as the defendant has pointed out.

Therefore, Federal's motion to dismiss on the grounds of failure to exhaust administrative remedies is DENIED. Hall shall move to amend her complaint within fifteen days of entry of this Order to properly allege the exhaustion of her administrative remedies as a necessary prerequisite to a successful ERISA claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **12(b)(6) Motion to Dismiss (Rec. Doc. 35)** filed by Defendant, Federal Insurance Company, is **GRANTED IN PART AND DENIED IN PART** as described above.

**IT IS FURTHER ORDERED** that the plaintiff, Sonya Hall, move to amend her complaint within fifteen days of entry of this Order to properly assert a cause of action under ERISA with all proper statutory prerequisites.

October 17, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE